CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
February 14, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *ex. rel.* IAN DIXON, KARL QUIST, | ) | |
| and SARA STOVALL, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3:20-cv-00062 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| OPTIMA HEALTH PLAN, | ) |     Chief United States District Judge |
| SENTARA HEALTHCARE, | ) | |
| and MILLIMAN, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This *qui tam* case is before the court on the Notice of Election by the United States to Intervene in Part and to Decline to Intervene in Part, filed December 20, 2024. Among other things, the United States requests that the Relator's complaint and its Notice of Election with proposed order be unsealed, and "that all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." (Notice 2–3, Dkt. No. 38.)

The court directed supplemental briefing regarding the propriety of maintaining the seal on all other documents in the case. The United States has responded and provided additional information and argument as to why continued sealing in this case (as to some of the documents filed ex parte) is appropriate. (U.S. Resp., Dkt. No. 40.) In general, the United States does not object to unsealing of its motions requesting extension and the court's orders granting the same, but objects to unsealing any of the memoranda filed in support of those motions, as well as two filings related to another order. (*See generally id.*) The United States also has represented that it

has conferred with Relators' counsel, and Relators agree with the position of the United States on this issue.  (*Id.* at 8.)

In consideration of the foregoing, and recognizing that the United States has notified the court of its election to intervene in part and to decline to intervene in part, the court hereby ORDERS as follows:

1.  The complaint in this matter (Dkt. No. 1) shall be unsealed, and

    a.  the United States shall serve its complaint upon defendants, together with this order, within 90 days from the date of this order; and

    b.  Relators shall serve their complaint upon defendants within 90 days from the date of this order;

2.  With the agreement of the United States and Relators, the Clerk also shall unseal the remainder of the documents in the case, including this order, **except that the following documents shall all remain under seal**: Dkt. Nos. 7, 11,[1] 14, 17, 22, 24, 27, 30, 31, 33, 36, and 40.  The court agrees with the United States that these documents "reveal information regarding the government's investigative techniques, decision-making processes, and reasoning" about whether and how to conduct enforcement litigation.  (*See* U.S. Resp. 6, Dkt. No. 40.)  Some also reference sources of information or identify witnesses.  This information is entitled to sealing and could compromise sources (and could compromise future investigations) if unsealed;

3.  Additionally, the seal shall be lifted as to all other matters occurring in this action on or after entry of this order;

---

[1]  The United States listed Dkt. No. 10 as one of the documents that should remain sealed (Dkt. No. 40, at 1), but based on the categories of documents it described, it is Dkt. No. 11 that should be kept under seal.

4.  As to the part of the action in which the United States has declined to intervene, the parties shall serve all pleadings and motions filed in that part of the action, including supporting memoranda, upon the United States, as provided in 31 U.S.C. § 3730(c)(3).  The United States may order any deposition transcripts and is entitled to intervene in this action, for good cause, at any time;

5.  All subsequent orders of this Court shall be sent to the United States; and

6.  Should Relators or Defendants propose that the part of the action in which the United States has declined to intervene be dismissed, settled, or otherwise discontinued, the Court will solicit the written consent of the United States before ruling or granting its approval.

The Clerk of Court shall provide a copy of this Order to all counsel of record.

Entered: February 14, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

3